972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GUST K. NEWBERG CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
COUNTY OF Fairfax; Fairfax County Board of Supervisors,
Defendants-Appellees.
GUST K. NEWBERG CONSTRUCTION COMPANY, Plaintiff-Appellant,
v.
COUNTY of Fairfax; Fairfax County Board of Supervisors,
Defendants-Appellees.
 Nos. 91-1674, 91-1798.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1992
Decided: August 7, 1992
 
 1
 ARGUED: Daniel E. Toomey, WICKWIRE, GAVIN, P.C., Vienna, Virginia, for Appellant. Kenneth C. Bass, III, VENABLE, BAETJER & HOWARD, McLean, Virginia, for Appellees.
 
 
 2
 ON BRIEF: Jon M. Wickwire, Jeffrey G. Gilmore, Shannon J. Briglia, Michael A. Gatje, WICKWIRE, GAVIN, P.C., Vienna, Virginia, for Appellant. Daniel J. Kraftson, Michael W. Robinson, VENABLE, BAETJER & HOWARD, McLean, Virginia, for Appellees.
 
 
 3
 Before PHILLIPS and NIEMEYER, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 MURRAY, Senior District Judge:
 OPINION
 
 4
 Gust K. Newberg Construction Company ("Newberg"), the appellant in this action, instituted this proceeding in the United States District Court for the Eastern District of Virginia against the appellee County of Fairfax, Virginia ("the County"). Newberg's complaint stemmed from a dispute arising from its renovation of a pollution control plant operated by the County. The district court granted the County's motion to dismiss all claims in Newberg's original complaint except a single fraud claim and, at the close of pre-trial discovery, granted the County's motion for summary judgment on the fraud claim. Newberg then appealed the district court's orders. On appeal, this Court affirmed those orders, reversing and remanding only the district court's award of Rule 11 sanctions. Gust K. Newberg Constr. Co. v. Fairfax, Nos. 90-2463 & 90-2513 (4th Cir. August 15, 1991).
 
 
 5
 While this appeal was pending, Newberg filed, and the district court denied, a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Upon this Court's subsequent remand of the case back to district court, Newberg filed a motion for summary enforcement of what it considered to be the mandate established by this Court's first opinion. That motion was also denied. Newberg now appeals both the district court's order denying its Rule 60(b) motion as well as its denial of the motion for summary enforcement.
 
 I.
 
 6
 Newberg is the general contractor for a proposed Pollution Control Plant in Lorton, Virginia. This project is owned and operated by the County. In 1983, Newberg entered into a contract with EngineeringScience Co. ("ESCo") under which ESCo agreed to perform engineering services as Architect/Engineer (A/E) for the project. Special Provisions Paragraph 8.1 of this contract holds the engineer liable for 6.5% of the final constructed value for any excess construction costs attributable to the engineer's errors, omissions, or negligent acts. The paragraph goes on to dictate that the determination as to whether such costs are attributable to the engineer shall be made by the Director of Public Works or his designee.
 
 
 7
 In 1987, Newberg experienced significant cost overruns which it attributed to the County, ESCo, or both entities. As a result of several adverse administrative rulings by the Department of Public Works, Newberg took the position that interest and bias within the administrative dispute resolution process made that process entirely ineffective. In April of 1990, while administrative appeals were still pending, Newberg filed a multi-count lawsuit in federal court charging the County's administrative procedures to be invalid. The district court subsequently dismissed all but one count of the complaint (Counts I, III, IV, V) holding that Virginia law does not require the degree of "disinterested" administrative process Newberg sought and that the contract and the Virginia Procurement Act clearly required exhaustion of administrative remedies. Summary judgment was subsequently entered against Newberg's final claim, fraudulent inducement, at the close of discovery.
 
 II.
 
 8
 During the pendency of Newberg's first appeal to this Court, Newberg filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). In essence, this motion was a request that the district court reconsider its original order of dismissal in light of what Newberg termed "newly discovered facts." These facts, Newberg alleged, demonstrated that Newberg was not afforded a hearing before a disinterested Hearing Examiner as required by Virginia law.[1] Finding that Newberg had failed to reveal any new facts which would justify a change in the district court's original position that "the administrative process must be allowed to run its course before the judiciary steps in," the district court denied Newberg's motion. We agree and hold that the district court did not abuse its discretion in denying Newberg's motion.[2]
 
 
 9
 As a result of Newberg's first appeal, this Court wrote:
 
 
 10
 The district court granted the County's Rule 12(b)(6) motion to dismiss Counts I, III, IV, and V, finding that Newberg failed to exhaust its administrative remedies as required by the Contract. We agree. It is undisputed that Article 7.4.2 of the Contract provides that " [a] party may not institute legal proceedings until all administrative remedies as set forth herein or as required by the ordinances or resolutions of Fairfax County have been exhausted." The County's Purchasing Resolution also specifically provides that "[n]o bidder, offeror, potential bidder or offeror, or contractor shall institute any legal action until all administrative remedies available under this Article have been exhausted and until statutory requirements have been met." Furthermore, Virginia's Procurement Act unequivocally requires that once administrative procedures are invoked by a contractor, they "shall be exhausted prior to instituting legal action concerning the same procurement transaction unless the public body agrees otherwise." Va. Code § 11-70.F. (1989). Given the clear language of the Contract, the County's Purchasing Resolution, and the Procurement Act, we find that the district court acted properly in requiring that Newberg exhaust its administrative remedies prior to seeking judicial intervention in this dispute.
 
 
 11
 Our position on this matter has not changed. By Virginia law, as well as by the express provisions of the parties' own contract, allegations of interest and bias within the administrative process must be first addressed and exhausted by the administrative process before any party can seek relief by way of judicial intervention. Accordingly, we find that the district court properly denied Newberg's motion for relief from judgment.
 
 III.
 
 12
 We now consider Newberg's claim that this Court's opinion of August 15, 1991 established a "mandate" capable of summary enforcement. In its previous ruling, this Court addressed Newberg's claim that the County's administrative remedies did not provide a hearing before a "disinterested person or panel" as required by Virginia law. In so doing, the Court identified several facets of this case which it found "troubling." However, after conceding that "[w]e are ... bothered by the fact that no less than five different persons have served as hearing officers in what is a very confused administrative process," this Court wrote:
 
 
 13
 While we specifically refrain from ruling on whether any of the hearing officers in this case were in fact "interested" in violation of the Procurement Act's mandate, we find that, in the future, controversy can best be avoided by appointment of new hearing officers who (1) are not employees of the County, (2) are completely independent of the parties, and (3) are knowledgeable of the construction business.
 
 
 14
 On remand, Newberg filed a motion for "summary enforcement" of the Circuit Court's order asserting that the above-quoted language implicitly revitalizes Counts VI and VII of the amended complaint as well as mandates that a new hearing examiner be appointed who meets the three stated qualifications. Determining that this language amounted to nothing more than "a suggestion," the district court denied the motion. Again, we affirm the district court's reading of this unambiguous language.
 
 
 15
 As quoted above, this Court's previous opinion expressly avoids a determination of whether the hearing examiners in this case were "interested." Furthermore, the three criteria amount to nothing more than "friendly advice" from this Court on ways the County could best avoid such disputes in the future. If this Court had intended to declare the County's administrative dispute resolution procedure invalid or intended to revitalize element's of Newberg's Complaint, it would have expressly done so.
 
 IV.
 
 16
 Accordingly, since we find no reversible error upon review of the matters urged by the appellant, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Va. Code Ann. § 11-71 (1989). Essentially, the "newly discovered facts" are alleged as follows:
 
 
 [1]
 That the hearing examiner designated to hear Newberg's appeals, Mr. Kramer, believed that if he ruled in favor of Newberg, his close personal friend, Mr. di Zerega, would be personally liable for any damages awarded to Newberg as well as being subject to criminal prosecution
 
 
 [2]
 That while Mr. Kramer was evaluating the procurement decisions of Mr. di Zerega, Mr. di Zerega was simultaneously evaluating the propriety of procurement decisions made within the department headed by Mr. Kramer
 
 
 [3]
 That Mr. Kramer refused to consider whether the above facts made him biased or interested in the outcome of the administrative hearing process
 
 
 [4]
 That the Architect/Engineer retained by Fairfax County to supervise construction had failed to comply with Virginia registration statutes
 
 
 [2]
 See Green v. Foley, 856 F.2d 660, 665 (4th Cir. 1988) (denial of relief under Rule 60(b) is reviewed under the abuse of discretion standard), cert. denied, 490 U.S. 1031 (1989)